## 11615

### STATE *EX REL* HARTMAN v. WILSON *ET AL.*

#### (125 S. E., 572)

MANDAMUS—ARCHITECTURAL BOARD NOT COMPELLED TO ISSUE LICENSE PENDING ITS INVESTIGATION AS TO FACT WHICH IT IS BOARD'S PREROGATIVE TO DETERMINE.—Board of Architectural Examiners will not be compelled by mandamus to issue license to relator alleged to have complied with requirements under Act, Feb. 17, 1917 (30 St. at Large, p. 198), Civ. Code 1922, §§ 2878-2885, and Act Feb. 27, 1922 (32 St. at Large, p. 823), where return shows that action on application had been deferred until subsequent meeting of board, pending extended investigation as to fact which it is board's prerogative to determine.

Original proceedings in mandamus by the State on the relation of Charles G. Hartman against C. C. Wilson and others. Dismissed.

*Messrs. Dunlap & Dunlap* for petitioner.

*Mr. Frank G. Tompkins* for respondents.
December 4, 1924.

The opinion of the Court was delivered by MR. JUSTICE MARION.

By a proceeding in the original jurisdiction of this Court, relator seeks the remedy of mandamus to compel the respondents, as members of the State Board of Architectural Examiners to issue to the relator a license to engage in the practice of architecture in this State.

In the petition it is alleged in substance that the relator has complied with all the requirements of law with respect to obtaining registration as an architect in this State (30 Stat., 198; Sections 2878–2885, Code 1922, Vol. 3; 32 Stat., 823), and that registration has been arbitrarily refused or postponed by the defendants "without any reason or excuse." By their return the defendants show, in substance, that the application of the relator, Hartman, filed June 21, 1924, had not been granted, and that further consideration or action thereupon had been postponed until the next regular meeting of the Board of Examiners in January, 1925, for the reason that, in the discharge of the duty imposed by law upon said board to investigate and pass upon the professional qualifications, moral character, etc., of the applicant, a pertinent issue of fact had arisen which could not be satisfactorily determined by the board except after, and upon the basis of, an investigation which would require considerable time, etc.

The showing made by the respondents has satisfied us that the disposition of the relator's application involves the determination of an issue of fact which it is the duty of the board to decide, and that there has been neither such misconception of official duty and authority, nor such arbitrary exercise of power or abuse of discretion on the part of the State Board of Architectural Examiners as would, in any view of the case, warrant this Court in granting the writ prayed for. See *A. C. L. Railroad v. R. R. Commrs.,* 89 S. C., 472; *72* S. E., 18, and *Mauldin v. Matthews,* 81 S. C., 414; 62 S. E., 695; 128 Am. St. Rep., 919. Since any issue of fact, which it is the prerogative and duty of the board to determine, may eventually be decided in favor of Mr. Hartman's contentions, it does not appear that any useful purpose would be subserved by a more detailed reference to the facts.

It is accordingly adjudged that the prayer of the petition be refused, and the petition dismissed.

MESSRS. JUSTICES WATTS, FRASER and COTHRAN concur.
MR. CHIEF JUSTICE GARY did not participate.